IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                                    15-CR-6060

MARTIN PULLIN,

          Defendant.

## PLEA AGREEMENT

The defendant, MARTIN PULLIN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Sections 1591(a)(1) and 1591(b)(2) (sex trafficking of a minor), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant acknowledges that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the victim's or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and

2

the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.     ELEMENTS AND FACTUAL BASIS

5.      The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. The defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained by any means a person;

- b. The defendant knew or was in reckless disregard of the fact that the person had not reached the age of 18 and would be caused to engage in a commercial sex act; and

- c. The offense was in or affecting interstate or foreign commerce.

### III. FACTUAL BASIS

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between on or about December 1, 2013, and on or about February 20, 2014, the defendant, MARTIN PULLIN in the Western District of New York, recruited MV1, a 14 year-old female, to engage in commercial sex acts. PULLIN posted advertisements of MV1 on Backpage.com to entice customers to arrive at PULLIN'S residence on Phelps Avenue, Rochester, New York, for the purpose of engaging in commercial sex acts with MV1. MV1 engaged in commercial sex acts and gave a majority of the profits from the commercial sex acts to PULLIN. PULLIN knew MV1 had not reached the age of 18 at the time she engaged in the commercial sex acts;

   b. On a date between on or about December 1, 2013, and on or about February 20, 2014, the defendant, MARTIN PULLIN in the Western District of New York, recruited MV2, a 16 year-old female, to engage in commercial sexual acts. PULLIN posted advertisements of MV2 on Backpage.com to entice customers to engage in commercial sex acts with MV2. At the time PULLIN posted the advertisements, PULLIN knew MV2 had not reached the age of 18. No customers responded to the advertisements so MV2 did not ultimately commit a commercial sexual act at PULLIN'S direction; and

   c. PULLIN agrees that Backpage.com is an internet website providing classified advertising across the United States and internationally.

### IV. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4

## MINOR VICTIM 1
## BASE OFFENSE LEVEL

8.      The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction involving Minor Victim 1 and provides for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9.      The government and the defendant agree that the following specific offense characteristics do apply:

a.  the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor);

b.  the two-level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

## ADJUSTED OFFENSE LEVEL

10.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction involving Minor Victim 1 is 34.

5

## MINOR VICTIM 2
## BASE OFFENSE LEVEL

11. The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction involving Minor Victim 2 and provides for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor).

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction involving Minor Victim 2 is 32.

## COMBINED ADJUSTED OFFENSE LEVEL

14. Based on ¶¶ 8 through 13 of this agreement and Guidelines § 3D1.4(a), it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 35.

## ACCEPTANCE OF RESPONSIBILITY

15.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 32.

## CRIMINAL HISTORY CATEGORY

16.     It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

17.     It is the understanding of the government and the defendant that, with a total offense level of 32 and criminal history category of II, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 135 to 168 months, a fine of $17,500 to $175,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at

7

sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

18.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that based upon the factors set forth in 18 U.S.C. § 3553(a), that a non-Guidelines sentence is appropriate in this case and that the Court at the time of sentence impose a sentence of imprisonment of 120 months, as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, then the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

19.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## V. STATUTE OF LIMITATIONS

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to sex trafficking of a minor which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

21. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including

9

        conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.    At sentencing, the government will move to dismiss the remaining count in Indictment (15-CR-6060) pending against the defendant.

## VII.   APPEAL RIGHTS

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for

imprisonment, a fine and supervised release set forth in Section III, ¶ 17, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

### VIII. TOTAL AGREEMENT AND AFFIRMATIONS

26. This plea agreement represents the total agreement between the defendant, **MARTIN PULLIN**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
MELISSA M. MARANGOLA
Assistant United States Attorney
United States Attorney's Office
100 State Street, Room 500
Rochester, New York 14614
(585) 399-3925

Dated: September 29, 2015

## ACKNOWLEDGMENT

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Kevin McKain, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____  
MARTIN PULLIN  
Defendant  
Dated: September 29, 2015

_____  
KEVIN MCKAIN, ESQ.  
Attorney for the Defendant  
Dated: September 24, 2015