IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.                                     15-CR-6060

MARTIN PULLIN,

             Defendant.

---

### STATEMENT OF THE GOVERNMENT WITH RESPECT
### TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence

Investigation Report ("PSR") submitted by the United States Probation Department on or

about January 26, 2016. The plea agreement differs from the Sentencing Guideline

calculation in the Presentence Report in that the plea agreement determined the combined

adjusted offenses level to be 35 and the defendant's criminal history category to be II.   The

PSR determined the combined adjusted offense level to be 36 and the defendant's criminal

history category to be III.   Pursuant to United States v. Lawlor, 168 F.3d 633 (2d Cir. 1999),

the Government is bound to advocate the calculation in the plea agreement.[1]   As such, the

government requests the court impose a sentence of 120 months imprisonment as agreed to

---

[1] The PSR also determined that the defendant was not eligible for the downward adjustment for acceptance of responsibility as anticipated by the government.   The government understands that this adjustment was withheld because the defendant refused to be interviewed without his attorney present, not that the defendant denied his involvement in the current offense.   At the time of this filing, the defendant has yet to be interviewed despite numerous attempts by the probation department to reschedule the interview.   The government further understands that probation's recommendation may change should the defendant agree to be interviewed prior to sentencing.

by the parties in the plea agreement pursuant to Rule 11(c)(1)(C).

On September 29, 2015, the defendant entered a plea of guilty to a violation of Title 18, United States Code, Sections 1591(a)(1) and 1594(b)(2) (Sex Trafficking of a Minor). Based upon his plea, Mr. Pullin faces a minimum possible sentence of 10 years imprisonment, a maximum possible sentence of life imprisonment, a maximum fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five (5) years to life.   The parties agree that Mr. Pullin's sentence should be a term of imprisonment of 120 months, and a period of supervised release to be determined by the Court.

The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. §3013 at the time of sentencing.   Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

                        Asset Forfeiture/Financial Litigation Unit
                        U.S. Attorney's Office--WDNY
                        138 Delaware Avenue
                        Buffalo, New York 14202

        If a letter is not received within 10 days of sentencing, the defendant will be directly

contacted regarding collection of the financial obligation(s).

DATED:        March 1, 2016

                                Respectfully submitted,

                                William J. Hochul, Jr.
                                United States Attorney
                                Western District of New York


                        By:     s/Melissa M. Marangola
                                Melissa M. Marangola
                                Assistant U.S. Attorney
                                United States Attorney's Office
                                100 State Street, Room 500
                                Rochester, New York 14614
                                585-399-3925


TO:     Hon. Elizabeth A. Wolford
        Kevin McKain, Esq.
        Sarah Whitcomb, USPO (via hand delivery)